UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNIS VERMA, LUIS GONZALEZ,
CHRISTOPHER GOODRIDGE and                                    **COMPLAINT**
WILLIAM MALDONADO, individually
and on behalf of all others similarly situated,

                            Plaintiffs,

       -against-

FIRST CLASS VALET INC. and
STEPHEN VAN EYCK, individually and in
his official capacity,

                           Defendants.
------------------------------------------------------------X

      Plaintiffs Dennis Verma, Luis Gonzalez, Christopher Goodridge and William Maldonado (collectively, "Plaintiffs"), on behalf of themselves and on behalf of all other similarly situated persons, by and through their counsel, Bell Law Group PLLC, as and for their Complaint in this action against Defendants First Class Valet Inc. ("First Class Valet") and Stephen Van Eyck (collectively, "Defendants"), hereby allege as follows:

<u>**NATURE OF THE CLAIMS**</u>

      1.     Plaintiffs bring this action, on behalf of themselves and on behalf of all other similarly situated persons, to recover for (1) unpaid overtime which Defendants failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*; (2) unpaid minimum wage in violation of the FLSA and the NYLL; (3) unpaid spread-of-hours wages under the Minimum Wage Order, 12 NYCRR § 142-2.4; (4) unpaid uniform reimbursement under the Minimum Wage Order, 12 NYCRR § 142-3.5; (5) unpaid uniform maintenance pay under the Minimum Wage Order, 12 NYCRR § 142-3.5; (6) failure to provide Plaintiffs with an accurate wage statement with each payment as

required by the NYLL, Section 195; (7) failure to provide Plaintiffs with an accurate wage notice upon hiring and upon each change of pay as required by the NYLL, Section 195; (8) failure to pay timely wages as required by the NYLL, Section 191; (9) unjust enrichment and (10) retaliation.

2.       Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants as valet attendants and/or other similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of three years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.       Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

4.       Plaintiff's claims under the NYLL and for unjust enrichment are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants in the State of New York as valet attendants and/or in similar positions (referred to herein as "Attendants") who: (1) were/are not paid minimum wage; (2) were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek; (3) had unlawful deductions from their wages; (4) were not provided accurate

wage statements;  (5) were not provided accurate wage notices; (6) were not reimbursed for uniform purchases; (7) were not reimbursed for uniform maintenance;  (8) were not paid spread-of-hours wages, (9) were not paid timely wages and (10) were damaged as a result of Defendants' unjust enrichment, for the period of six (6) years prior to the filing of this Complaint to the date of the final disposition of this action (the "New York Class Period").  Plaintiffs and all other such similarly situated persons are jointly referred to herein as the "New York Class."

5.      Members of the New York Class are similarly situated because, during the New York Class Period, they were all subject to Defendants' common policy and/or practice of not paying minimum wage, not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, taking unlawful deductions from their wages, not providing accurate wage statements, not providing accurate wage notices, not reimbursing them for uniform purchases, not reimbursing them for uniform maintenance, not paying spread-of-hours wages and not paying timely wages as well as Defendants' unjust enrichment.

6.      Additionally, members of the New York Class were all employed by Defendants as Attendants providing valet services on behalf of Defendants.

## JURISDICTION  AND VENUE

7.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL and common law.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

9. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

**PARTIES**

10. Plaintiff Dennis Verma is a resident of the State of New York.

11. Plaintiff Luis Gonzalez is a resident of the State of New York.

12. Plaintiff Christopher Goodridge is a resident of the State of New York.

13. Plaintiff William Maldonado is a resident of the State of New York

14. At all relevant times, each Plaintiff was an "employee" of Defendants within the meaning of all applicable statutes.

15. Upon information and belief, Defendant First Class Valet Inc. is a New York corporation with a principal place of business at 209 Glen Cove Road #115, Carle Place, New York 11514 in Nassau County.

16. At all relevant times, First Class Valet was an "employer" within the meaning of all applicable statutes, and an enterprise engages in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

17. Defendant Stephen Van Eyck is the owner and/or manager of First Class Valet. At all relevant times, Mr. Van Eyck controlled the operations and determined the policies and practices of First Class Valet, including, but not limited to, how employees are compensated.

18.     Defendant Van Eyck was and remains an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

**Background**

19.     First Class Valet is a company that provides valet services to restaurants, catering facilities, hospitals, and other businesses and special events.

20.     Attendants were given their location assignments and hours weekly via text message from Defendant Van Eyck.

21.     Plaintiff Verma began working for Defendants as a valet attendant in or about August 2016 and was terminated on or about July 2018.

22.     Plaintiff Goodridge worked for Defendants as a valet attendant from approximately March 2016 through approximately June 2018.

23.     Plaintiff Gonzalez worked for Defendants as a valet attendant from approximately January 2018 through approximately July 2018.

24.     On or about July 6, 2018, Plaintiff Verma, through his counsel, sent a letter to Defendants complaining of the below violations of the FLSA and NYLL.

25.     On or about July 9, 2018 Defendants terminated the employment of Plaintiff Verma in retaliation for these complaints.

**Defendants' Unlawful Wage Practices**

26.     During the FLSA Collective Period and the New York Class Period, Plaintiffs and the members of the FLSA Collective and the New York Class worked between 20 and 50 hours per week, varying week to week.

27.     During the FLSA Collective Period and the New York Class Period, Defendants failed to pay Plaintiffs, the members of the FLSA Collective and the New York Class minimum wage at the prevailing rate for all hours worked.

28.     During the FLSA Collective Period and the New York Class Period, Defendants failed to pay Plaintiffs, the members of the FLSA Collective and the New York Class overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek.

29.     During the New York Class Period, Defendants made unlawful deductions from the wages of Plaintiffs and the New York Class.  For instance, but only by way of example, Defendants made deductions from Attendants' compensation for payment of parking tickets and in unlawful tip credits.

30.     During the New York Class Period, Defendants failed to provide Plaintiffs and the New York Class with accurate wage statements with each payment of wages.

31.     During the New York Class Period, Defendants failed to provide Plaintiffs and the New York Class with accurate notices upon hiring and upon any change in their rate of pay.

32.     During the New York Class Period, Plaintiffs and the New York Class were required to purchase and wear a uniform consisting of, *inter alia*, a monogrammed shirt, black shoes, black socks, black dress pants, and a dress shirt, which could not be worn as part of Plaintiffs' ordinary wardrobe.

33.     All of the articles of clothing for the uniform had to be purchased by Plaintiffs and the New York Class themselves.

34.     The clothes were of a particular style determined by Defendants.

35.    The clothing that Plaintiffs and the New York Class were and are required to wear while working for Defendants constitutes a uniform within the meaning of the NYLL.

36.    Defendants have not reimbursed Plaintiffs and the New York Class for the cost of purchasing the uniform.

37.    These mandated uniforms cannot be cleaned along with Plaintiffs' and the New York Class's every-day clothing and require dry cleaning and/or other special treatment.

38.    Defendants do not wash and maintain the uniform for Plaintiffs and the New York Class.

39.    Defendants do not reimburse Plaintiffs and the New York Class for the cost of cleaning and maintaining the uniform.

40.    Plaintiffs and the New York Class regularly worked more than ten (10) hours in a day.

41.    Defendants failed to pay Plaintiffs and the New York Class an extra hour at the minimum wage rate for each day in which the time between the beginning and end of their shift(s) exceeded ten (10) hours in a day.

42.    Defendants employed Plaintiffs and the New York Class as manual workers.

43.    Defendants failed to pay Plaintiffs' wages weekly as required under the NYLL and its regulations.

44.    Defendants knew that the foregoing acts violated the FLSA and the NYLL and would economically injure Plaintiffs, the FLSA Collective and the New York Class.

45.    Defendants committed the foregoing acts knowingly, intentionally and willfully.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

46.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of the FLSA Collective.

47.     The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiffs, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

48.     The FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay minimum wage at the prevailing rate or overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

49.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

50.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

51.     Defendants' violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

52.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wages, overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective and pre- and post-judgment interest.

53.     The exact number of members of the FLSA Collective is unknown to Plaintiffs at the present time, but upon information and belief, Defendants are in possession of this information.

54.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

55.     Plaintiffs bring their NYLL claims and claims for unjust enrichment as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants in the State of New York as Attendants and/or in similar positions who were/are not paid minimum wage at the prevailing rate, who were not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, whose wages were unlawfully deducted during the New York Class Period, who were not provided accurate wage statements, who were not provided accurate wage notices, who were not reimbursed for the purchase of a uniform, who were not reimbursed for the cost of maintaining and/or cleaning the uniform, who were not paid spread of hour wages, who were not paid timely wages, and who were harmed by Defendants' unjust enrichment.

56.     The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiffs, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

57.     The New York Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying minimum wage at the prevailing rate, not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, making unlawful deductions from wages, not providing accurate wage statements, not providing accurate wage notices, not reimbursing them for the purchase of uniforms, not reimbursing them for the cost of maintaining and/or cleaning the uniforms, not paying spread of hour wages and not paying timely wages.

58.     During the New York Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the New York Class, and that those duties were not exempt from the minimum wage, overtime and other applicable provisions of the NYLL and/or its regulations.

59.     As a result of Defendants' conduct alleged herein, Defendants violated the NYLL and/or its regulations.

60.     Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the New York Class.

61.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the New York Class for the full amount of their unpaid wages and wages deducted, plus an additional amount as liquidated damages, plus statutory damages, attorneys'' fees and costs incurred by Plaintiffs and the New York Class, and pre- and post-judgment interest.

62.     Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the New York Class and Defendants.

63.     Plaintiffs' claims raise questions of law and fact common to the New York Class, including, but limited to:

   a.  Whether Defendants failed to pay Plaintiffs and the New York Class minimum wage at the prevailing rate for all hours worked during the New York Class Period;

   b.  Whether Defendants failed to pay Plaintiffs and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

   c.  Whether Defendants made unlawful deductions from Plaintiffs' and the New York Class members' wages;

   d.  Whether Defendants failed to provide Plaintiffs and the New York Class with accurate wage statements;

   e.  Whether Defendants failed to provide Plaintiffs and the New York Class with accurate wage notices;

   f.  Whether Defendants failed to reimburse Plaintiffs and the New York Class for purchasing uniforms;

   g.  Whether Defendants failed to reimburse Plaintiffs and the New York Class for maintaining and/or cleaning uniforms;

h.   Whether Defendants failed to pay Plaintiffs and the New York Class spread-of-hours wages;

i.   Whether Defendants failed to pay Plaintiffs and the New York Class timely wages;

j.   Whether Defendants' failures described above constitute violations of the NYLL and its regulations;

k.   Whether Defendants were unjustly enriched by the services provided by Plaintiff and the New York Class; and

l.   Whether Defendants' violations of the NYLL and/or its regulations were willful.

64. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

65. Plaintiffs are members of the New York Class that they seek to represent. Plaintiffs' claims are typical of the claims of the New York Class. The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

66. Plaintiffs' interests are co-extensive with those of the New York Class that they seek to represent in this case. Plaintiffs are willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

67. Defendants have acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

68. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

69. The common issues of fact and law affecting Plaintiffs' claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

70. A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the New York Class. There will be no difficulty in the management of this action as a class action.

71. The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the New York Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

72. The New York Class is so numerous that joinder of all members is impracticable. While the exact number of members of the New York Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least 40 other similarly situated persons who were/are employed by Defendants as Attendants and/or in other similar positions during the New York Class Period.

73. Plaintiffs are currently unaware of the identities of the New York Class members. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants in similar positions during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the New York Class notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of 29 U.S.C. § 207)
### As to Plaintiffs and the FLSA Collective

74.     Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

75.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

76.     During the FLSA Collective Period, Defendants knew that Plaintiffs and the FLSA Collective worked more than forty (40) hours per workweek for Defendants. However,

Defendants intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

77.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

78.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

79.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206)**
**As to Plaintiffs and the FLSA Collective**

80.     Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

81.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

82.     Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage for all hours worked under the FLSA.

83.     During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

84.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

85.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

86.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2)**
**As to Plaintiffs and the New York Class**

87.     Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

88.     NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek in the manner and methods provided in the FLSA.

89.     Plaintiffs were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

90.     Defendants knew that Plaintiffs worked more than forty (40) hours per workweek for Defendants.  However, Defendants intentionally did not properly pay her them overtime for hours worked in excess of forty (40) per workweek.

91.     As a result of Defendants' failure to pay Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its regulations.

92.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and its regulations.

93.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of NYLL §§ 650 *et seq.*)**
**As to Plaintiffs and the New York Class**

94.     Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

95.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

96.     Plaintiffs were not exempt from the requirement that Defendants pay them the prevailing minimum wage for all hours worked under the NYLL.

97.     At all relevant times, Defendants did not pay Plaintiffs the prevailing minimum wage for all hours worked for Defendants.

98.     As a result of Defendants' failure to pay Plaintiffs the prevailing minimum wage for all hours worked, Defendants violated the NYLL.

99.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

100.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**(Unlawful Deductions in Violation of NYLL § 193 and 12 N.Y.C.R.R. § 142-2.10)**
**As to Plaintiffs and the New York Class**

101.   Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

102.   NYLL § 193 and 12 N.Y.C.R.R. § 142-2.10 prohibit covered employers, such as Defendants, from making certain deductions from the wages of employees.

103.   During the New York Class Period, Defendants unlawfully deducted amounts from the wages of Plaintiffs and the New York Class, including, but not limited to, amounts for parking tickets and unlawful tip credits.

104.   Defendants did not make said deductions in accordance with the provisions of any law or any rule or regulation issued by any governmental agency.  Moreover, Plaintiffs and the New York Class did not expressly authorize Defendants in writing to make said deductions, and said deductions were not for the benefit of Plaintiffs and the New York Class.

105.   As a result of Defendants' unlawful deductions from the wages of Plaintiffs and the New York Class, Defendants violated NYLL § 193 and 12 N.Y.C.R.R. § 142-2.10.

106.   Defendants' violations of NYLL § 193 and 12 N.Y.C.R.R. § 142-2.10 have significantly damaged Plaintiffs and the New York Class and entitle them to recover the total amount of the wages that were deducted from their pay, an additional amount in liquidated damages, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Failure to Pay Spread of Hours Wages under
### NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 137-1.7)
### As to Plaintiffs and the New York Class

107.    Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

108.    The NYLL and its regulations require covered employers, such as Defendants, to pay all non-exempt employees one additional hour's pay at the minimum wage for each day the employee's shift(s) cover more than ten (10) hours in a day.

109.    Plaintiffs and the New York Class were not exempt from the requirement that Defendants pay them spread of hours wages.

110.    At all relevant times, Defendants failed to pay Plaintiffs and the New York Class one additional hour's pay at the minimum wage for each day Plaintiffs' and the New York Class's shift(s) spanned more than ten (10) hours in a day in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 137-1.7.

111.    As a result of Defendants' failure to pay spread of hours wages, Defendants violated the NYLL and/or its regulations.

112.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

113.    Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiffs and the New York Class and entitle them to recover the total amount of their unpaid spread of hours wages, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### (NYLL Uniform Reimbursement Violations)
### As to Plaintiffs and the New York Class

114.    Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

115.    At all relevant times, Defendants required Plaintiffs and the New York Class to purchase uniforms as they are defined by 12 N.Y.C.R.R. § 146-3.10.

116.    At all relevant times, Defendants failed to reimburse Plaintiffs and the New York Class for the purchase of said uniforms in violation of the NYLL and its regulations.

117.    As a result of Defendants' failure to reimburse Plaintiffs and the New York Class for the costs of purchasing their uniforms, Defendants violated the NYLL and/or its regulations.

118.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

119.    Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiffs and the New York Class and entitle them to recover the cost of the uniform, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### (NYLL Uniform Maintenance Violations)
### As to Plaintiffs and the New York Class

120.    Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

121.    At all relevant times, Defendants required Plaintiffs and the New York Class to wear uniforms as they are defined by 12 N.Y.C.R.R. § 146-3.10.

122.    At all relevant times, Defendants required Plaintiffs and the New York Class to clean and maintain their uniforms at their own expense in violation of the NYLL, including, but not limited to, 12 N.Y.C.R.R. § 146-1.7.

123.    As a result of Defendants' failure to reimburse Plaintiffs and the New York Class for the costs of cleaning and maintaining their uniforms, Defendants violated the NYLL and/or its regulations.

124.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

125.    Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiffs and the New York Class and entitle them to recover the required uniform maintenance reimbursement, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## NINTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(1)-(2)) As to Plaintiffs and the New York Class

126.    Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

127.    NYLL § 195(1)-(2) requires covered employers, such as Defendants, to furnish accurate wage notices upon hiring and prior to any changes to the rate of pay for an employee.

128.    Plaintiffs and the New York Class were not exempt from this requirement.

129.    Defendants failed to furnish accurate wage notices to Plaintiffs and the New York Class in violation of NYLL § 195(1)-(2) by, *inter alia*, failing to provide Plaintiffs and the New York Class notices of their wages and/or changes thereto upon hire and/or upon any changes to their wages.

130.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

131.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the New York Class and entitle them to recover damages of fifty (50) dollars per person affected for each work day that such violations occurred and continue to occur, up to a total of $5,000 per person affected, together with attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(3))**
**As to Plaintiffs and the New York Class**

132.    Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

133.    NYLL § 195(3) requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

134.    Plaintiffs and the New York Class were not exempt from this requirement.

135.    Defendants failed to furnish accurate wage statements to Plaintiffs and the New York Class in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiffs and the New York Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

136.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

137.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the New York Class and entitle them to recover damages of $250 for each day that such violations occurred or continue to occur, up to a total of $5,000 per person affected, an additional equal amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

**ELEVENTH CAUSE OF ACTION**
**(Untimely Wage Payments in Violation of NYLL § 191, 198)**
**As to Plaintiffs and the New York Class**

138.    Plaintiffs, on behalf of themselves and the New York Class, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

139.    Plaintiffs and the New York Class were/are manual workers under the meaning of the NYLL and its regulations.

140.    NYLL § 191(1)(a) requires that covered employers, such as Defendants, pay manual workers their wages weekly.

141.    Plaintiffs and the New York Class were not exempt from this requirement.

142.    Defendants failed to pay Plaintiffs and the New York Class weekly.

143.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

144.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the New York Class and entitle them to recover damages of liquidated damages for all wages paid later than weekly, attorneys' fees and costs, and pre- and post-judgment interest.

## TWELFTH CAUSE OF ACTION
### (Retaliation in Violation of the FLSA, 29 U.S.C. § 215)

145.    Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

146.    Defendants retaliated against Plaintiff Verma violation of the FLSA by adversely altering the terms and conditions of their employment, including by terminating their employment, because they complained about Defendants' unlawful wage practices in violation of the FLSA.

147.    Defendants continued to retaliate against Plaintiffs by, *inter alia*, threatening to report them to the IRS.

148.    Upon information and belief, Defendants' actions were directly intended to deter those similarly situated to Plaintiffs from engaging in protected activity and from vindicating their rights under, *inter alia*, the FLSA.

149.    As a direct and proximate result of the unlawful retaliatory conduct in violation of the FLSA, Plaintiffs have suffered and continue to suffer monetary and/or other economic harm for which they are entitle to an award of monetary damages and other relief.

150.    As a direct and proximate result of the unlawful retaliatory conduct in violation of the FLSA, Plaintiffs have suffered and continue to suffer mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, fear, and emotional pain and suffering for which they are entitled to an award of monetary damages and other relief.

151.    The foregoing conduct of Defendants constitutes willful violations of the FLSA for which Plaintiffs are entitled to an award of punitive and/or liquidated damages.

## THIRTEENTH CAUSE OF ACTION

**(Retaliation in Violation of the NYLL § 215)**

152.    Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

153.    Defendants retaliated against Plaintiffs in violation of the NYLL by adversely altering the terms and conditions of their employment, including by terminating Plaintiff Verma's employment, because they complained about Defendants' unlawful wage practices in violation of the NYLL.

154.    Defendants continued to retaliate against Plaintiffs by, *inter alia*, threatening to report them to the IRS.

155.    Upon information and belief, Defendants' actions were directly intended to deter those similarly situated to Plaintiffs from engaging in protected activity and from vindicating their rights under, *inter alia*, the NYLL.

156.    As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYLL, Plaintiffs have suffered and continue to suffer monetary and/or other economic harm for which they are entitle to an award of monetary damages and other relief.

157.    As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYLL, Plaintiffs have suffered and continue to suffer mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, fear, and emotional pain and suffering for which they are entitled to an award of monetary damages and other relief.

158.    The foregoing conduct of Defendants constitutes willful violations of the NYLL for which Plaintiffs are entitled to an award of punitive and/or liquidated damages.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective and the New York Class, respectfully request that this Court:

A.      Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all persons who were/are employed by Defendants in similar positions to Plaintiffs during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.      Designate Plaintiffs as representatives of the FLSA Collective;

D.      Designate this action as a class action pursuant to F.R.C.P. 23;

E.      Designate Plaintiffs as representatives of the New York Class;

F.      Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

G.      Determine the damages sustained by Plaintiffs and the New York Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiffs and the New York Class, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum;

H.      Enjoin Defendants from engaging in any further acts of illegal retaliation; and

I.      Grant Plaintiff and the FLSA Collective such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves, the FLSA Collective and the New York Class, hereby demand a trial by jury on all issues of fact and damages.


Dated: May 31, 2019
       Garden City, New York

Respectfully submitted,

BELL LAW GROUP, PLLC


By: _____/s/_____
              Laura R. Reznick, Esq.
              100 Quentin Roosevelt Boulevard
              Suite 208
              Garden City, NY 11530
              Tel: 516.280.3008
              Fax: 212.656.1845
              lr@belllg.com
              *Attorneys for Plaintiffs*

27