

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Laurent S. Drogin
Partner
212-216-8016
ldrogin@tarterkrinsky.com

August 19, 2019

<u>VIA ECF</u>

Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Verma et al v. First Class Valet Inc., et al</u>
    <u>19-cv-03251 (BMC)</u>

Dear Judge Cogan:

  We represent the Defendants in the above-referenced matter.

  Pursuant to Rule III.A of Your Honor's Individual Practices, we write to request a pre-motion conference. Having been given the opportunity to replead, the Plaintiffs' First Amended Complaint ("FAC") continues to allege insufficient facts necessary to support claims under the Fair Labor Standards Act ("FLSA"). The Defendants seek to move to dismiss the FLSA claims pursuant to Fed. R. Civ. P. 12(b)(6), and to ask that the court decline to retain jurisdiction over the remaining New York State Labor Law claims and, therefore, to dismiss the FAC.

  Plaintiffs Dennis Verma, Luis Gonzalez, Christopher Goodridge and William Maldanado commenced this action against Defendants, stemming from their employment as valet parking attendants. By joint letter filed on July 24, 2019 (ECF #14) the Defendants indicated that they contemplated bringing a Rule 12(b)(6) motion because:

> The Complaint fails to meet the pleading standards set forth by the Second Circuit in its trilogy of cases on point. See *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013*); Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013).
>
> More specifically, the Complaint makes no effort to identify a single week in which any named plaintiff worked more than 40 hours and was not paid overtime. Instead, it simply states that the proposed Class and Collective 'worked between 20 and 50 hours per week, varying by week to week.' *See Complaint*, at ¶26 (Dkt. #1). This is legally insufficient. Likewise, paragraphs 76 and 90, the only others

Hon. Brian M. Cogan
August 19, 2019
Page 2

that address the number of hours worked, merely state in conclusory fashion that the Defendants 'knew that Plaintiffs worked more than forty (40) hours per workweek for Defendants.' *Id.* at ¶¶ 76, 90. This, too, is not enough from a pleading standpoint.

On July 30, counsel participated in a telephone conference call with the Court during which Plaintiffs were granted leave to file an amended complaint to shore up these deficiencies. The Defendants did not oppose the request. The FAC was timely filed on August 6 (ECF #16) yet it fails to even address, much less cure, the pleading deficiencies.

The FLSA overtime pleading standards

To plead an overtime claim under the FLSA, a plaintiff must allege having worked in excess of forty hours in a workweek as well as some uncompensated time in excess of 40 hours. *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). A plaintiff must provide some factual context that will "nudge" an overtime claim from "conceivable to plausible." *See DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013). *DeJesus* also informs that the pleading cannot merely "track[] the statutory language of the FLSA, lifting its numbers and rehashing its formulation." *Id.* Moreover, "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Here, despite being made aware of this deficiency in the Complaint, <u>none</u> of the Plaintiffs allege or identify a <u>single week</u> in which any of them worked more than 40 hours, let alone any week in which they had worked more than 40 hours and were not paid overtime. Like the pleading before it, the FAC states only generally that the named Plaintiffs and the proposed Class and Collective "worked between 20 and 50 hours per week, varying by week to week." *FAC*, at ¶27. The only other instances in the FAC that address the alleged overtime pay violations are conclusory statements that "Defendants knew that Plaintiffs and the FLSA Collective worked more than forty (40) hours per workweek for Defendants." *FAC*, at ¶¶ 77, 91.

In fact, the FAC added no new allegations nor did it in any way expand on existing allegations; all of which were conclusory. *Compare Complaint*, at ¶¶ 26, 76 and 90 to *FAC*, at ¶¶ 27, 77 and 91. Indeed, the only amendment was to the paragraph numbers.

The FLSA minimum wage claims are insufficiently pled

The pleading standard for FLSA minimum wage claims is similar. "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Serrano v. I. Hardware Distribs., Inc.*, 14-cv-2488, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015).

Hon. Brian M. Cogan
August 19, 2019
Page 3

An FLSA minimum wage violation does not exist unless an employee's "… hourly wage falls below the federal minimum wage." *Lundy, supra,* 711 F.3d at 115. The federal minimum wage is $7.25 per hour. The same deficiency exists in the FAC with respect to the claimed FLSA minimum wage violation. First, other than renumbering paragraphs, the FAC made no modifications to any allegations relating to the minimum wage issues. Paragraph 28 of the FAC alleges a conclusion that "Defendants failed to pay Plaintiffs, the members of the FLSA Collective … minimum wage at the prevailing rate for all hours worked." *See also* ¶¶ 49, 56, 58, 84, 98 (all setting forth a conclusion with no supporting facts). Absolutely no effort has been made to address the requisite pleading standards, rendering the minimum wage claim insufficient.

Leave to replead

The FAC was supposed to correct pleading deficiencies. Yet they have not been addressed at all. We are left to assume that this was a knowing decision and Plaintiffs' counsel is content to rest on the FAC.

This is not a situation where the sufficiency of amendments is being challenged. Here, there has been no effort or attempt to improve the pleading, strongly suggesting that sufficient allegations cannot be made within the boundaries of Rule 11. We suggest that giving Plaintiffs yet another attempt to amend the pleadings would be futile absent a cogent and persuasive explanation as to why no attempt was made to do so in the FAC. We also remind the Court that it remains the Defendants' position that their annual revenue is below $500,000 and the cost of defending this lawsuit is not insignificant to this small employer.

Conclusion

For these reasons, the Defendants respectfully request that the Court convene a promotion conference to address these issues.

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP
*Attorneys for Defendants*

By: Laurent S. Drogin

Via ECF